IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JOSHUA RIFFE,**

      **Plaintiff,**

v.                                                  Case No. 3:16-cv-03185

**JANE DOE NURSE #1,**
Western Regional Jail Medical Staff;
**JANE DOE NURSE #2,**
Western Regional Jail Medical Staff,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2). In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of*

*Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff's complaint alleges the following:

1. In early January 2016, Plaintiff asked to be seen by the medical unit at the Western Regional Jail for symptoms of chest pain. He was seen by a nurse named Heather (Nurse Jane Doe #1), who refused medical treatment.

2. On or about March 3, 2016, Plaintiff asked to be seen by the medical unit for an ear-related complaint causing dizziness. Nurse Jane Doe #2 saw Plaintiff and refused medical treatment.

3. Nurse Heather (Jane Doe #1) has since been fired.

(ECF No. 2 at 4). Plaintiff seeks compensatory damages in the amount of $10,000.

In order for the undersigned to complete a preliminary review of the merits of the complaint and rule on the motion to proceed *in forma pauperis*, Plaintiff is **ORDERED** to amend his complaint within **forty-five (45) days** of the date of this Order and cure the following deficiencies in pleading as indicated below:

1. The Eighth Amendment to the United States Constitution requires the State to provide its prison inmates with basic medical care. *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A prison official violates this constitutional guarantee when he responds to a prisoner's serious medical need with deliberate indifference. *Estelle,* 429 U.S. at 104; *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Therefore, to state a cognizable Eighth Amendment claim, an inmate must meet two prongs, one objective and one subjective. First, the inmate must demonstrate the existence of a medical condition or need that is objectively serious. *Estelle,* 429 U.S. at 104. A medical condition is serious under the Eighth Amendment

when it has been diagnosed by a physician as mandating treatment, or is so obvious that even a lay person would understand that medical attention is necessary. *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 208 (1st Cir. 1990). A serious medical need may also be shown by the presence of a medical condition that significantly affects the prisoner's daily activities or causes chronic and substantial pain. *McGuckin v. Smith,* 974 F.2d 1050, 1059–60 (9th Cir. 1992); *see, also. Adams v. Southwest Virginia Regional Jail Authority,* 524 F.App'x 899, 900-01 (4th Cir. 2013). Second, the inmate must show that the official subjectively knew of, but was deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 837; *Wilson v. Seiter,* 501 U.S. 294, 297–99, 111 S.Ct. 2321, 2323–2325, 115 L.Ed.2d 271 (1991). "[D]eliberate indifference entails something more than mere negligence … [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835. A prison official is not liable under the Eighth Amendment if a reasonable response is made, "even if the harm ultimately [is] not averted." *Odom v. South Carolina DOC,* 349 F.3d 765, 770 (4th Cir. 2003) (*citing Farmer,* 511 U.S. at 844). Moreover, medical negligence is not the same as a constitutional violation. *Estelle,* 429 U.S. at 106; *Russell v. Sheffer,* 528 F.2d 318, 319 (4th Cir. 1975). To establish that a prison official's actions constitute deliberate indifference to a serious medical need, "the treatment must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990).

Accordingly, Plaintiff must set forth facts in his complaint that meet the standard of an Eighth Amendment violation. He must allege facts that establish the existence of a serious medical condition and that tend to show deliberate indifference to that condition

by the defendants. A mere difference of opinion about whether medical care is needed is usually insufficient to maintain a valid cause of action. Moreover, a claim of medical negligence should be asserted in a medical malpractice lawsuit rather than a § 1983 action, and should generally be filed in a State court.

2. Plaintiff must identify the nature of the injury he claims to have suffered as a result of the alleged constitutional violations. In the complaint, Plaintiff fails to identify any injury associated with the purported refusals of medical care.

**Plaintiff is hereby given notice** that a failure to amend the complaint as ordered may result in a recommendation that the complaint be dismissed for failure to state a claim cognizable under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1.

Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), shall be held in abeyance pending initial review of Plaintiff's amended complaint or pending other further proceedings in this case. **Plaintiff is also advised** that 28 U.S.C. § 1915 governs actions in which a prisoner seeks to proceed without prepayment of fees or costs ("*in forma pauperis*"). Section 1915(g) of the statute includes a "three strikes" rule, stating as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Therefore, if after considering the Eighth Amendment standard and the elements necessary to state a *prima facie* claim, Plaintiff decides that he does not wish to pursue this civil action, he may make a motion to voluntarily dismiss the complaint. The

complaint may be dismissed at Plaintiff's request prior to its service on the defendants, and the dismissal will not count as one of the three strikes allowed under 28 U.S.C. § 1915.

The Clerk is instructed to provide a copy of this order to Plaintiff.

**ENTERED:** April 5, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge